**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA BINGAMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00056-NCC |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON d/b/a LINCOLN FINANCIAL GROUP** | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston d/b/a Lincoln Financial Group,[1] ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Maria Bingaman ("Plaintiff"), and states as follows:

Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability ("LTD") benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in the introductory Paragraph of the Complaint.

1. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any

[1] The correct Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group," as that is the marketing name for Lincoln National Corporation and its affiliates. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

such relief or recovery. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits, along with other damages, from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the Court has jurisdiction over this action under ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that venue is proper in this District and Division. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

**Parties**

5. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits Plaintiff was, at certain times, employed by National Information Solutions Cooperative ("NISC"). Lincoln admits that Plaintiff was, at certain times, a participant in the National Information Solutions Cooperative Long Term Disability Plan (the "LTD Plan") sponsored by NISC and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan

sponsored by NISC and that such welfare plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it issued Group Disability Income Policy No. GF3-840-444687-01 (the "Policy") to NISC, which Policy, at certain times, insured certain benefits paid by the LTD Plan sponsored by NISC and that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Missouri. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln admits it issued the Policy to NISC, which Policy, at certain times, insured certain benefits paid by the LTD Plan. To the extent that the allegations contained in Paragraph 9 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan. Lincoln admits it issued the Policy to NISC, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff was, at certain times, employed by NISC as a Learning Content Specialist. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at NISC are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at NISC are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the National Information Solutions Cooperative Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that Plaintiff's last day of full-time work at NISC was on or about July 17, 2023. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated October 31, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits it sent a letter to Plaintiff dated October 31, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits it sent a letter to Plaintiff dated September 19, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under

the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits it received a letter from Plaintiff's counsel dated March 17, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated

by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits it sent a letter to Plaintiff's counsel dated July 1, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the

Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits it received a letter from Plaintiff's counsel dated July 16, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

## Count I
## Denial of LTD Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)

45. Lincoln incorporates its responses to Paragraphs 1-44 by reference as if fully set forth herein.

46. Lincoln admits that Plaintiff was, at certain times, employed by NISC and a participant in the LTD Plan. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 46 seek to interpret provisions

of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 47 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 48 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that it sent a letter dated September 19, 2024, to Plaintiff and a letter dated July 1, 2025, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that Plaintiff was, at certain times, employed by NISC and a participant in the LTD Plan. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" and "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 51 seek to interpret provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

## COUNT II
## Breach of Fiduciary Duty Pursuant to 29 U.S.C. §1132(a)(3)

52. Lincoln incorporates its responses to Paragraphs 1-51 by reference as if fully set forth herein.

53. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any

such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits it issued the Policy to NISC, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. To the extent that the allegations contained in Paragraph 56 constitute legal conclusions, Lincoln is not required to answer such allegations. To the extent a response is required, Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. To the extent that the allegations contained in Paragraph 59 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. To the extent that the allegations contained in Paragraph 60 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 60 and 60 a-f of the Complaint.

61. To the extent that the allegations contained in Paragraph 61 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and that it issued the Policy to NISC, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies the allegations contained in Paragraph 64 of the Complaint and denies Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph thereafter.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for breach of fiduciary duty against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, and Plaintiff may not recover statutory or other penalties from Lincoln.

4. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

5. Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

6. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

7. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

8. Plaintiff has failed to state a claim for relief upon which statutory penalties may be awarded to Plaintiff or recovered from Lincoln.

9. Lincoln is not an entity from which statutory penalties under 29 U.S.C. § 1132 can be assessed or from which such statutory penalties may be recovered.

10. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: */s/ Iwana Rademaekers*

Iwana Rademaekers (MOED Bar # 16452560T)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 16th day of March 2026 to be served by operation of the Court's electronic filing system upon the following:

Adam J. Olszeski, #MO66126
Email: adam@gallagherdavis.com

*Attorneys for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers